OPINION
Appellants Steven and Linda Frank appeal the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee Cincinnati Insurance Company ("Cincinnati"). The following facts give rise to this appeal. This lawsuit is the result of an accident that occurred in June 1995. As a result of the accident, Appellant Steven Frank was severely injured while driving his own personal automobile. At the time of the accident, Graphic Enterprises, Inc. employed appellant. The tortfeasor had insurance with available coverage limits of $50,000. Appellants exhausted the policy limits of the tortfeasor's insurance. In addition, Appellants Steven and Linda Frank had a policy of insurance with Erie Insurance Company ("Erie"), which listed them as the policy's named insureds. The Erie policy provided uninsured/underinsured motorist benefits, subject to a $250,000 per person coverage limit. Appellants exhausted the uninsured/underinsured policy limits of the Erie policy. This lawsuit concerns a policy of insurance issued by Appellee Cincinnati to two corporate named insureds, including appellant's employer, Graphic Enterprises, Inc. The general liability limits available under the Cincinnati policy, including excess coverage, are $3,000,000 per person. On January 22, 1997, appellants filed a complaint against the tortfeasor, John Vargo, III. Appellants filed an amended complaint on November 3, 1997, adding Erie and Cincinnati. In their complaint, appellants allege they are entitled to underinsured motorist benefits under the insurance policy issued by Appellee Cincinnati to Graphic Enterprises, Inc. Prior to the trial court's entry of judgment, appellant settled all claims with Vargo and Erie. Both appellants and Cincinnati filed cross-motions for summary judgment. On November 13, 1998, the trial court granted Cincinnati's motion for summary judgment and denied appellants' motion for summary judgment. The trial court based its decision on Headley v. Ohio Government Risk Management Plan (March 20, 1998), Muskingum App. No. CT97-0017, unreported. Appellants timely filed a notice of appeal. The trial court filed a judgment entry nunc pro tunc on November 20, 1998, making the previous judgment entry a final appealable order. Thereafter, appellants filed an amended notice of appeal. Appellants set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF-APPELLANT STEVEN FRANK DOES NOT QUALIFY AS AN INSURED UNDER THE EXPRESS TERMS OF THE POLICY'S UM/UIM ENDORSEMENT.
 II. THE TRIAL COURT ERRED IN HOLDING, SUA SPONTE, THAT THE "OTHER VEHICLE" EXCLUSION CONTAINED IN THE CINCINNATI INSURANCE POLICY IS ENFORCEABLE, CONTRARY TO THE OHIO SUPREME COURT'S HOLDING IN MARTIN v. MIDWESTERN GROUP INSURANCE.
 III. THE TRIAL COURT ERRED IN FINDING THAT CERTAIN EXCLUSIONARY TERMS CONTAINED IN THE POLICY CONSTITUTE A VALID WAIVER OF UM/UIM COVERAGE WHERE THE LANGUAGE IS VAGUE, CONTRADICTORY AND AMBIGUOUS, AND WHERE THERE IS NO EVIDENCE THAT THE POLICY'S NAMED INSUREDS AGREED TO SUCH A WAIVER KNOWINGLY, EXPRESSLY AND IN WRITING.
 Summary Judgment
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review appellants' assignments of error.
 I
Appellants contend, in their First Assignment of Error, the trial court erred when it determined Appellant Steven Frank does not qualify as an insured under the express terms of the policy's uninsured/underinsured endorsement. We agree. Under the policy at issue, insureds include the following: 1. You. 2. If you are an individual, any "family member." 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
Appellant maintains an inherent ambiguity is created if uninsured/underinsured coverage is extended only to the policy's corporate named insured, Graphic Enterprises, Inc., when the company can not sustain bodily injury. Appellee relies on the cases of Headley, supra; Dillard v. Liberty Mut. Ins. Co. (Jan. 11, 1999), Stark App. No. 1998CA00161, unreported; and Bagnoli v. Northbrook Property and Cas. Ins. Co. (April 27, 1998), Stark App. No. 1997CA00415, unreported. This court explained in the above cited cases that since the term "you" refers to the origin corporation, which is not an individual, the condition is not satisfied because this provision does not extend coverage to "family members" unless the named insured is an individual. Headley at 10; Dillard at 10; Bagnoli at 3. The Ohio Supreme Court recently addressed this issue in the case of Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. The Scott-Pontzer case overrules our previous decisions in Headley, Dillard and Bagnoli. In the Scott-Pontzer case, the decedent Christopher T. Pontzer, while driving a vehicle owned by his wife, Appellant Kathryn Scott-Pontzer, collided with a motor vehicle driven by Troy W. Taylor. Id. at 661. Taylor's negligence caused the accident. Id. At the time of the accident, Taylor had a policy of automobile liability insurance with limits of $100,000 per person and $300,000 per accident. Id. Prior to his death, Christopher Pontzer worked at Superior Dairy, Inc. Id. Superior Dairy was insured under a policy of commercial automobile liability insurance with Liberty Mutual Fire Insurance Company. Id. This policy of insurance contained a provision for underinsured motorist coverage. Id. Superior Dairy also had an "umbrella/excess" insurance policy with Liberty Mutual Insurance Company. Id. On July 9, 1996, appellant filed an action as surviving spouse and executor of her husband's estate against Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company. Id. Appellant alleged, in her complaint, that because her husband was an employee of Superior Dairy she was entitled to underinsured motorist benefits under Superior Dairy's automobile liability policy with Liberty Mutual Fire Insurance Company. Id. Appellant also maintained she was entitled to any benefits accruing under Superior Dairy's umbrella policy with Liberty Mutual Insurance Company. Id. On April 16, 1997, the trial court granted summary judgment in favor of Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company. Id. On appeal, we affirmed the judgment of the trial court, for different reasons, finding that the policies in question were `ambiguous as to the "insureds" under the underinsured motorist coverages.' Id. We further held that underinsured motorist coverage is available only to those employees injured while acting within the scope of their employment. Id. at 662. Thus, we concluded that since appellant's husband was not within the scope of his employment when the accident occurred, underinsured motorist coverage was not available to appellant. Id. On appeal to the Ohio Supreme Court, the Court made the following findings in concluding that appellant's decedent was an insured under the policies of insurance issued to Superior Dairy by Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company. First, the Court noted that `[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.' Id. at 664, citing King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. The Court further stated "that uninsured motorist coverage, mandated by law pursuant to R.C. 3937.18, was designed by the General Assembly to protect persons, not vehicles." Scott-Pontzer at 664, citing Martin v. Midwestern Group, Ins. Co. (1994), 70 Ohio St.3d 478, paragraph one of the syllabus. Based on the above principles, the Ohio Supreme Court concluded the "you," while referring to Superior Dairy, also includes Superior Dairy's employees since a corporation can only act by and through live persons. "It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle." Scott-Pontzer at 664. After concluding the decedent was an insured under both policies, the Court addressed the issue of scope of employment. The Court again cited to King and stated that "[w]here exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." Id. at 665-666, citing King at 214. Therefore, the Court concluded that Liberty Mutual Fire Insurance Company's policy contains no language requiring that employees must be acting within the scope of their employment in order to receive underinsured motorist benefits. Scott-Pontzer at 666. The Court reached the same conclusion for the umbrella/excess policy issued by Liberty Mutual Insurance Company. Even though the policy did restrict coverage to employees acting within the scope of their employment, because Liberty Mutual Insurance Company failed to offer underinsured motorist coverage through the umbrella policy issued to Superior Dairy, the umbrella policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for purposes of underinsured motorist coverage. Based on the Ohio Supreme Court's decision in Scott-Pontzer, we find the trial court improperly granted summary judgment on behalf of appellee. We will not address appellants' Second and Third Assignments of Error as we find the issues raised in these assignments of error moot based on our disposition of appellants' First Assignment of Error. Appellants' First Assignment of Error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P. J. Gwin, J., and Hoffman, J., concur.