OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Martin, Appellant, v. Midwestern Group Insurance Company, Appellee.
[Cite as Martin v. Midwestern Group Ins. Co. (1994),     Ohio St.3d     .]
Automobile liability insurance -- Uninsured motorist coverage designed to protect persons, not vehicles -- Validity of insurance policy exclusion of uninsured motorist dependent upon whether it conforms to R.C. 3937.18 -- Policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is invalid.

1. Pursuant to R.C. 3937.18, uninsured motorist coverage was designed by the General Assembly to protect persons, not vehicles. (Abate v. Pioneer Mut. Cas. Co. [1970], 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429, followed.)

2. The validity of an insurance policy exclusion of uninsured motorist coverage depends on whether it conforms to R.C. 3937.18.

3. An automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid. (State Farm Auto. Ins. Co. v. Alexander [1992], 62 Ohio St.3d 397, 583 N.E.2d 309, syllabus, approved and followed; Hedrick v. Motorists Mut. Ins. Co. [1986], 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, overruled.)

(No. 93-1178 -- Submitted May 16, 1994 -- Decided October 5, 1994.)

Appeal from the Court of Appeals for Ashtabula County, No. 92-A-1722.

On June 17, 1990, plaintiff-appellant, Gerald C. Martin, was seriously injured when an intoxicated, uninsured motorist crossed the center line and struck appellant's motorcycle. At the time of the collision, appellant was insured by appellee, Midwestern Group Insurance Company ("Midwestern"). The policy listed two vehicles owned by appellant: a 1979 Chevrolet wagon

and a 1984 Pontiac Fiero. Appellant's 1982 Yamaha motorcycle was not an insured vehicle under the policy.

Appellant's claim for uninsured motorist benefits was denied by appellee under a policy provision that excludes coverage for bodily injury to a person occupying or struck by a vehicle owned by the insured but not named in the policy.

After his claim was denied, appellant filed a complaint for declaratory judgment. After an answer and counterclaim for declaratory judgment were filed, both parties moved for summary judgment.

The trial court granted appellant's motion for summary judgment and denied appellee's motion. Based upon State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, the trial court found appellee's policy exclusion invalid and unenforceable. By distinguishing Alexander, the court of appeals reversed the judgment of the trial court and entered summary judgment in favor of appellee. In so doing, the appellate court relied upon Hedrick v. Motorists Mut. Ins. Co. (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Tyler & Fire and Thomas S. Tyler, for appellant.
Weston, Hurd, Fallon, Paisley & Howley, Kathryn M. Murray and Ronald A. Rispo, for appellee.

Francis E. Sweeney, Sr., J.   The issue before us is whether the "other owned vehicle" exclusion in the uninsured motorist coverage of appellant's automobile insurance policy is enforceable. For the following reasons, we hold that the exclusion is not enforceable. Accordingly, we reverse the judgment of the court of appeals.

The General Assembly has determined that automobile liability carriers must offer uninsured motorist coverage to their customers. R.C. 3937.18 provides in part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless * * * the following [is] provided:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom[.]" (Emphasis added.)

This court has consistently held that the purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432; Stanton v. Nationwide Mut. Ins. Co. (1993), 68

Ohio St.3d 111, 113, 623 N.E.2d 1197, 1199, citing Watson v. Grange Mut. Cas. Co. (1988), 40 Ohio St.3d 195, 532 N.E.2d 758.

In fact, R.C. 3937.18(A)(1) explicitly provides that uninsured motorist coverage is "for the protection of persons." We have held that R.C. 3937.18 is remedial legislation. Stanton, supra, 68 Ohio St.3d at 113, 623 N.E.2d at 1199. Thus, we must liberally construe this law in order to effectuate the legislative purpose. Curran v. State Auto. Mut. Ins. Co. (1971), 25 Ohio St.2d 33, 54 O.O.2d 166, 266 N.E.2d 566.

While R.C. 3937.18 does not displace ordinary principles of contract law, a party cannot enter into contracts that are contrary to law. See Hedrick v. Motorists Mut. Ins. Co. (1986), 22 Ohio St.3d 42, 51, 22 OBR 63, 71, 488 N.E.2d 840, 847 (A.W. Sweeney, J., dissenting). Therefore, the validity of an insurance policy exclusion of uninsured coverage depends on whether it conforms to R.C. 3937.18.

The insurance policy issued by Midwestern to appellant specifically names him as the insured. Midwestern relies upon the following exclusionary language to deny coverage:

"We do not cover bodily injury to a person:

"1. Occupying, or struck by, a motor vehicle owned by you or a relative for which insurance is not afforded under this part."

This exclusion is commonly known as the "other owned vehicle" exclusion and is found in virtually every automobile insurance policy written in this state.

Appellant argues, and the trial court determined, that State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, is dispositive of this case. Alexander involved an insured who was injured while a passenger in his own vehicle. The State Farm policy in that case excluded from the definition of "uninsured motor vehicle" any vehicle "insured under the liability coverage of this policy" as well as one "furnished for the regular use" of the insured, his spouse or any relative. In striking down this exclusion, commonly known as "the household exclusion," we held that any provision depriving an insured of uninsured motorist coverage for tort claims against an uninsured motorist is invalid and unenforceable. The syllabus in Alexander states:

"An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law."

The rationale of Alexander is not limited to the analyzed exclusion. Instead, this court made clear that R.C. 3937.18 is the yardstick by which all exclusions of uninsured motorist coverage must be measured. Under Alexander, the statute mandates coverage if (1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law.

Applying this test, it is clear that appellant has satisfied the requirements of R.C. 3937.18: (1) appellant is the named insured on the insurance policy; (2) the tortfeasor did not have liability insurance; and (3) appellant has a cause

of action under Ohio tort law.

Relying on Alexander, we recently invalidated a "for fee" exclusion in Stanton v. Nationwide Mut. Ins. Co., supra, 68 Ohio St.3d 111, 623 N.E.2d 1197, which would have eliminated uninsured motorist coverage mandated by R.C. 3937.18.

In keeping with precedent, and finding no reason for holding otherwise, we now invalidate the "other owned vehicle" exclusion.

In striking down this exclusionary provision, it is necessary to revisit our decision in Hedrick, supra, which appellee asserts directly supports its position.

Hedrick involved an automobile accident with an uninsured motorist in which the plaintiff was riding a motorcycle owned by his father. The motorcycle was not insured under the policy issued by the defendant insurance company. The insurance company denied coverage on the basis of an exclusion essentially identical to the one at issue here. This court upheld the exclusion. The Hedrick syllabus provides:

"An insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any person while occupying a motor vehicle owned by an insured but which vehicle is not specifically insured under the policy, is a valid exclusion." (Emphasis sic.)

Because we do not believe Hedrick is in accord with the law of our state, which is that uninsured motorist coverage was designed by the General Assembly to protect persons, not vehicles, we now expressly overrule it. If an insured is negligently injured by an uninsured motorist, he cannot be denied uninsured motorist coverage by a policy exclusion requiring that he be occupying an insured automobile under the policy.

Accordingly, we hold that an automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid.

In so holding, we are not unmindful of Midwestern's argument that a premium was not paid on the vehicle appellant was riding when injured. But the amount of the premium received by Midwestern is irrelevant. The fact is that appellant accepted and paid for uninsured motorist coverage. Pursuant to R.C. 3937.18(A)(1), such insurance must provide coverage "for bodily injury * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." The statute does not permit insurers to eliminate this required coverage on the basis that the injury was incurred in a vehicle not listed in the policy.

Appellant paid a premium for uninsured motorist insurance which covered him, not his vehicles. It certainly cannot be argued that appellant would not be covered if he had been injured by this same tortfeasor while standing on a sidewalk, or riding or driving a vehicle owned by another. Indeed, Midwestern's counsel admitted as much during oral argument. To deny it in this instance would contravene Ohio law.

It is state law (R.C. 3937.18) which determines the scope

of uninsured motorist coverage, not the insurance policy or the amount of the premium paid.  It is the responsibility of the insurance company to set a premium in accordance with the risks involved.

For the foregoing reasons, the judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

Judgment reversed.


A.W. Sweeney, Resnick and Pfeifer, JJ., concur.
Douglas, J., concurs separately.
Moyer, C.J., and Wright, J., dissent.
Douglas, J., concurring.    I authored the court's opinion in Hedrick v. Motorists Mut. Ins. Co. (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840.  Today, the court overrules Hedrick and I am concurring in that judgment.  In doing so, I am persuaded by language contained in two opinions written for the court by Justice Wright, both of which were decided after our decision in Hedrick.

In Watson v. Grange Mut. Cas. Co. (1988), 40 Ohio St.3d 195, 197, 532 N.E.2d 758, 760, Justice Wright, in discussing uninsured motorist coverage, said:  "The coverage's clear focus is on the operator, not the vehicle.  It is axiomatic that drivers cause accidents, not inanimate vehicles.  The purpose of the uninsured motorist statute is not to provide coverage for an uninsured vehicle but rather to afford the insured additional protection in the event of an accident.  This form of coverage protects against losses caused by a limited group of tortfeasors."  (Emphasis added.)

In Stanton v. Nationwide Mut. Ins. Co. (1993), 68 Ohio St.3d 111, 113-114, 623 N.E.2d 1197, 1199-1200, Justice Wright, writing for the court, said:

"I

"The General Assembly determined by enacting R.C. 3937.18 that automobile liability carriers must offer uninsured motorist coverage to their customers.  Watson v. Grange Mut. Cas. Co. (1988), 40 Ohio St.3d 195, 532 N.E.2d 758.  This court has described the purpose behind R.C. 3937.18 in various ways over the years, all of which may be summarized by stating that the uninsured motorist statute is meant to ensure that innocent persons who are injured by negligent uninsured motorists are not left without compensation simply because the tortfeasor lacked liability coverage.  State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309.  The statute protects persons who purchase insurance by providing a remedy to them in the event they are injured by uninsured motorists who cannot pay for the damages they cause.  By allowing victims of automobile accidents to seek compensation from their own insurance carriers, the statute attempts to place those victims in the same position they would have been [in] had the tortfeasors possessed liability coverage. Bartlett v. Nationwide Mut. Ins. Co. (1973), 33 Ohio St.2d 50, 62 O.O.2d 406, 294 N.E.2d 665.  In short, the statute is remedial in nature, and is meant to provide a means of compensation to those injured by uninsured motorists.

"The General Assembly has determined, however, that automobile liability carriers must only offer uninsured

motorist coverage to their customers; it has not made the purchase of uninsured motorist coverage mandatory. Orris v. Claudio (1980), 63 Ohio St.2d 140, 17 O.O.3d 85, 406 N.E.2d 1381. We have previously stated that R.C. 3937.18 does not displace ordinary principles of contract law and that, as a result, reasonable exclusions in the uninsured motorist coverage of automobile insurance policies do not necessarily conflict with the policy behind R.C. 3937.18 and are sometimes enforceable.1 However, this court has since changed its view on this matter.

"II

"In 1992, this court stated in State Farm, supra, that automobile insurance policies may not eliminate or reduce uninsured motorist coverage. Specifically, the court held:

"'An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law.' Id. at syllabus.2

"When the syllabus law in State Farm is applied to the facts in this case, it is clear that appellant's 'for fee' exclusion is unenforceable. Notwithstanding appellees' argument that the exclusion is ambiguous, the exclusion plainly eliminates coverage to at least those persons, like appellee, who are injured while driving vehicles that are being used for commercial purposes. In addition, appellant does not dispute that appellee has a cause of action in tort against the uninsured motorist whose car caused the accident. Thus the facts of this case fit squarely within the syllabus law in State Farm. Appellant argues, however, that this court should still enforce the 'for fee' exclusion in appellee's insurance policy.

"* * *

"Despite the cogency of appellant's arguments, we decline to carve out a commercial-context exception from the syllabus law set forth in State Farm. This is a matter of public policy best left to the General Assembly. We believe that enforcing appellant's 'for fee' exclusion at this time would only frustrate the policies of predictability and stability found in the doctrine of stare decisis." (Emphasis added.)

Footnotes 1 and 2 in the opinion read:

"1. See, e.g., Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, paragraph two of the syllabus, overruled by State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309.

"2. State Farm gave a different interpretation to R.C. 3937.18. The writer authored Dairyland and dissented in State Farm. However, the General Assembly has not reacted to State Farm. Given a time frame of well over one year, State Farm must be regarded as settled law and the doctrine of stare decisis must apply." (Emphasis added.)

Given the foregoing, Justice Francis E. Sweeney's opinion herein is clearly correct. Accordingly, I concur in the syllabus, reasoning and judgment.

Moyer, C.J., dissenting. Being unable to agree with the reasoning of the majority, I respectfully dissent.

The issue presented in this case could easily be disposed of if we were to follow the law announced by this court on precisely the same issue as recently as 1986 in Hedrick v. Motorists Mut. Ins. Co. (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840.

We could begin by applying the law of the case that holds: "An insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any person while occupying a motor vehicle owned by an insured but which vehicle is not specifically insured under the policy, is a valid exclusion." (Emphasis sic.) Id. at syllabus. We could also apply the rationale of Hedrick that is as relevant today as it was when announced only eight years ago: "Some may argue that uninsured motorist coverage is applicable to persons, not vehicles, and thus an exclusion to coverage as to any vehicle owned by an insured is without effect. To find the exclusion clause ineffective because uninsured motorist coverage is only personal coverage, and thereby exclude vehicle coverage, would permit recovery when the opposite was intended by the precise language in the policy. This interpretation *** also unduly restricts the parties' right to freely contract." (Emphasis added.) Hedrick, 22 Ohio St.3d at 45, 22 OBR at 65-66, 488 N.E.2d at 843.

The general purpose of mandatory uninsured motorist coverage is to put an injured policyholder in the same position he would have been in if the tortfeasor had carried liability insurance. Sexton v. State Farm Mut. Auto. Ins. Co. (1982), 69 Ohio St.3d 431, 436, 23 O.O.3d 385, 388, 433 N.E.2d 555, 559. R.C. 3937.18 mandates uninsured coverage in an amount equal to the policyholder's liability coverage if none is offered. As such, parity of position for Martin is defined by his liability limits. In this case Martin carried no liability insurance, so by granting him coverage the majority places him in a position superior to what he would have been in, contrary to this court's statement of the statute's purpose.

Both the above law and rationale apply to the facts of this case. Martin owned three motor vehicles. He insured two of them and chose not to insure the third, the motorcycle, which he rode only several months a year and which he unfortunately chose to ride at the time of the collision that produced this case.

The message delivered by the majority opinion is that a person who owns more than one motor vehicle may choose not to insure one vehicle and bear no financial risk for the decision because he will be deemed to have in effect purchased liability coverage for the vehicle he decided not to insure if he is struck by another uninsured motorist. Since the responsibility of payment for injuries resulting from an accident involving such uninsured vehicles has now been shifted to the entity deemed to have provided the insurance, it is predictable that all other owners of motor vehicles who conscientiously purchase liability insurance for their vehicles will share the responsibility of paying for those who choose to insure some but not all of their owned vehicles. The General Assembly has provided for, and this court should permit to exist, a system of liability insurance that enables each person to purchase the insurance coverage that she or he chooses to purchase and to

bear the responsibility for that decision.  I would apply the law of Hedrick to this case and affirm the judgment of the court of appeals.  Such a judicial decision did, under Hedrick, and would continue to place the responsibility for one's acts precisely where the parties here, and the law, intended it to be.

Wright, J., concurs in the foregoing dissenting opinion.

Wright, J., dissenting.    I concur in the Chief Justice's dissent and feel that a brief response to Justice Douglas's concurring opinion is in order.  Justice Douglas accurately summarizes the purpose and scope of uninsured motorist coverage, quoting this writer in Watson v. Grange Mut. Cas. Co. (1988), 40 Ohio St.3d 195, 532 N.E.2d 758, and Stanton v. Nationwide Mut. Ins. Co. (1993), 68 Ohio St.3d 111, 623 N.E.2d 1197.  However, it would appear that the concurrence loses sight of what this case is about.  This matter is not about whether uninsured motorist coverage covers persons or motor vehicles.  To the contrary, at bottom, this case involves whether appellant should get something for nothing.

As the Chief Justice points out, appellant was offered and specifically rejected any coverage arising out of the use of his motorcycle.  We learned in our first year in law school that parties have the constitutional right to enter into contracts and that courts will generally enforce same.  That, of course, is what Hedrick v. Motorists Mut. Ins. Co. (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, was all about.  That is what this case is all about.  I think it an unfortunate state of affairs that we depart from these principles and discard yet another solid precedent, and, thus, I respectfully dissent.