Defendant State Farm Mutual Automobile Insurance Company ("State Farm") appeals the judgment of the Summit County Common Pleas Court granting class certification on behalf of Plaintiffs Delmas and Cora Baughman ("Baughmans"). State Farm argues the trial court erred by finding that the Baughmans were adequate representatives of the proposed class and that there was a sufficient basis to establish the commonality requirement under Civ.R. 23(A). This Court reverses the judgment of the trial court because the Baughmans' claims were not typical of the putative class and, as such, they are not adequate representatives of the proposed class.
 I.
This cause of action arose out of an automobile accident involving the Baughmans' son and an uninsured motorist. At the time of this accident, the Baughmans had an uninsured motorist policy on each of their three vehicles, and their son had a similar policy on each of his two vehicles. After filing a claim with State Farm, the Baughmans learned that due to the Ohio Supreme Court decision in Martin v. Midwestern Group Ins.,Co. (1994), 70 Ohio St.3d 478, the law had changed. In most instances, a family is no longer required to carry a separate uninsured motorist policy on each automobile in order to provide coverage for all family household members on all vehicles. However, guest passengers in a vehicle which did not have an uninsured motorist policy would not be covered. The Baughmans then instituted the present action seeking to recover the excess premiums paid after the date of the Martin decision.
On August 28, 1996, the Baughmans moved the trial court to certify the case as a class action pursuant to Civ.R. 23. After a hearing on the motion and extensive briefing by each party, the trial court granted the motion and certified the matter as a class action. The court further ordered State Farm to include the Notice of Class Action and Opt Out Cards in its regular business mailings to its insureds. State Farm has timely appealed, asserting four assignments of error.[1]
 II.
Third Assignment of Error
 The trial court abused its discretion and erred to the prejudice of [State Farm] by granting [the Baughman's] motion for class certification. Order of April 17, 1998, vol. 2174, pp. 375-80.
State Farm argues in its third assignment of error that the trial court abused its discretion by granting the Baughman's motion to certify this matter as a class action pursuant to Civ.R. 23. This Court agrees.
"A trial court has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion."Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200, syllabus. An abuse of discretion connotes more than an error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Radov. Conley (Sept. 23, 1998), Summit App. No. 18812, unreported at 3. Thus, our function is to determine whether the trial court abused its discretion by certifying this particular class action.
In determining whether a class action was properly certified, the first step is to read Civ.R. 23 and ascertain whether the threshold requirements of section (A) have been met. Once those requirements are established, the trial court must turn to Civ. R. 23(B) to discern whether the class comports with the matters specified therein. As such, before a class may be certified as a class action, a trial judge must make seven affirmative findings. Warner v. Waste Management,Inc. (1988), 36 Ohio St.3d 91, paragraph one of the syllabus. Five prerequisites are explicitly set forth in Civ.R. 23, while two prerequisites are implicit in the rule. Id. The two implicit prerequisites are that the class must be identifiable and unambiguously defined, and that the class representatives must be members of the class. Id. at 96. The four express prerequisites in Civ.R. 23(A) include the following:
 (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
Id. at 97, quoting Civ.R. 23(A). Finally, the trial court must also find that one of the three Civ.R. 23(B) requirements is met before a class may be certified. Id. at 94.
In the instant case, State Farm has not challenged the trial court's findings pertaining to the numerosity of the potential class, that the class is readily identifiable, or that the Baughmans are members of the class. Thus, State Farm argues only that there are not common issues of fact sufficient to satisfy Civ.R. 23(B)(3), and that the Baughmans' claims are not typical of the alleged class members pursuant to Civ.R. 23(A)(3). We will begin our discussion by analyzing State Farm's claim that the Baughmans' claims are not typical of the alleged class members' claims.
Pursuant to Civ.R. 23(A)(3), the claims and defenses of the representative parties must be typical of the claims and defenses of the class. The purpose of this provision is to protect absent class members. Marks, supra, at 202. The typicality requirement is generally met where there is no express conflict between the representatives and the class. Id.
However, the typicality requirement bears relation to the requisite that the class representatives fairly and adequately protect the interests of the class. If the class representatives' claims and defenses are not typical of the potential class members, they would be unable to fairly and adequately represent the entire class. In Marks, supra, the court found that because the plaintiffs were in an identical situation as the potential class members, there was no conflict and the typicality requirement was satisfied. Id. In the case at bar, the Baughmans' are not identically situated to the putative class members and, therefore, their claims and defenses are not typical of the class.
The record reflects that after instituting this action, the Baughmans continued to renew their uninsured motorist coverage on each vehicle. Assuming arguendo, they were unclear as to their coverage and liability prior to bringing this suit, the Baughmans' had a clear understanding of the state of the law when this action was filed. Their cause of action is based entirely upon the Martin, supra, decision. Nonetheless, the Baughmans' contend that it would have been unreasonable to cancel their uninsured motorist policies on their additional cars because they were unsure whether State Farm would be required to provide coverage if an accident occurred. This argument is ethereal and simply lacks merit. The Martin
decision clearly imposed upon the insurer the obligation to provide coverage under one uninsured motorist policy for all vehicles and resident family members of a household. In light of Martin, the trial court found that there was no express conflict between the Baughmans' claims and those of the putative class. The trial court ascertained that because the Baughmans claimed to have suffered damages as a result of State Farm's sale of duplicative uninsured motorists policies, their claims were typical of the potential class. However, this finding overlooks the critical fact that the Baughmans continued to renew their policies after instituting this action. As a result, the Baughmans' claims, and State Farm's potential defenses, would be unique to their litigation and not representative of those class members who were unaware of the change in law and yet continued to purchase multiple policies. Under these facts, the Baughmans' claims and defenses are atypical of the entire class. As such, the Baughmans will be unable to fairly and adequately protect the interests of the putative class members. Thus, the trial court abused its discretion by certifying this case as a class action because the requisite elements of Civ.R. 23 have not been established. State Farm's third assignment of error is sustained.
Fourth Assignment of Error
 The trial court abused its discretion by ordering [State Farm] to mail multiple notices of the class action as part of its regular mailings to its policyholders and by failing to specify the time period for such mailings. Order of April 17, 1998, vol. 2174, pp. 375-80.
State Farm's fourth assignment of error has been rendered moot by this Court's disposition of the third assignment of error. As such, we need not further address the issue presented. See App.R. 12(A)(1)(c).
 III.
State Farm's third assignment of error is well taken. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees
Exceptions.
 -------------------- WILLIAM R. BAIRD FOR THE COURT
REECE, J., DICKINSON, J., CONCUR
[1] Prior to the class certification hearing, State Farm moved the trial court to dismiss the action, or in the alternative for summary judgment, and to strike a report prepared by the Baughman's expert witness. These motions were denied and the issues were assigned as error together with two assignments of error pertaining to the class certification. The Baughmans moved this Court to dismiss the appeal. In a journal entry dated August 11, 1998, this Court denied the motion to dismiss the appeal, but limited the appeal solely to the issue of class certification. Therefore, State Farm's first two assignments of error are overruled, and we will address only the third and fourth assignments of error as they pertain to the issue of class certification.