JOURNAL ENTRY and OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, and the appellate briefs.
Appellant Billy O. Irving, Jr. contends the trial court erred by granting summary judgment to appellee Ohio Insurance Guaranty Association on his claim for uninsured motorist coverage.[1] He agrees with appellee that there are no genuine issues as to any facts material to the question of his insurance coverage but asserts he is entitled to a partial judgment as a matter of law, rather than appellee.
The undisputed facts show that Coronet Insurance Company issued an automobile insurance policy to Frances M. Irving as the named insured, listing her and her spouse as insured drivers, and listing a 1978 Chevrolet and a 1978 Pontiac as insured vehicles. This policy was effective from October 30, 1995 to October 30, 1996.
Appellant, the named insured's son, was involved in an automobile collision on April 2, 1996 with an uninsured motorist.
At the time of the collision, appellant was occupying a 1984 Mercury that he owned but which was not listed as an insured vehicle on the Coronet policy.
After Coronet was declared insolvent, appellant filed a claim with appellee for uninsured motorist coverage. The claim was denied. Appellant then filed this action.
The parties agree that appellant is an "insured" under the uninsured motorist section of the Coronet policy[2] and is entitled to coverage for bodily injury unless an exclusion applies. The exclusions to the uninsured motorists coverage provide:
* * *
BODILY INJURY coverage does not apply to an INSURED;
 1. OCCUPYING or struck by a CAR owned by any INSURED or RELATIVE, which is not insured for this coverage under this policy.
* * *
The trial court found this exclusion applied to preclude coverage and therefore granted appellee's motion for summary judgment.
Appellant correctly points out that the Ohio Supreme Court has found this exclusionary language to be invalid under Ohio law:
 An automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid. [Citations omitted.]
Martin v. Midwestern Group Ins. (1994), 70 Ohio St.3d 478, paragraph 3 of the syllabus.
There is no valid basis for distinguishing this case from Martin. "R.C. 3937.18 is the yardstick by which all exclusions of uninsured motorist coverage must be measured." Id.,70 Ohio St.3d at 481. The Ohio Supreme Court has concluded that the statute mandates coverage if (1) the claimant is an insured under a policy that provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law. Id.; State Farm Auto Ins. Co. v.Alexander (1992), 62 Ohio St.3d 397. Appellant here meets each of these criteria. See Mccoy v. Western Res. Mut./Lightning Rod Mut.Ins. Co. (June 14, 1993), Montgomery App. No. 13808, unreported.
Therefore, the trial court's judgment is reversed, and this matter is remanded for further proceedings. This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, PJ. and TIMOTHY E. McMONAGLE, J. CONCUR
 _____________________ JUDGE KENNETH A. ROCCO
[1] Appellant has dismissed his claims against an insolvent insurer, the other motorist involved in the collision, and the owner of the vehicle the other motorist was driving.
[2] The definition of an "INSURED" for purposes of uninsured motorists coverage includes dependent children who live in the named insured's household.