OPINION
Plaintiffs-appellants Jesse Butcher, Michael Butcher and Kathryn Butcher appeal from the June 29, 2001, Judgment Entry of the Stark County Court of Common Pleas holding that plaintiff-appellant Kathryn Butcher was not an insured under a comprehensive general liability policy issued to her employer by defendant-appellee Frontier Insurance Company and, therefore, was not entitled to underinsured motorist coverage under such policy.
 STATEMENT OF THE FACTS AND CASE
On March 7, 1998, appellant Jesse Butcher, the son of appellants Michael Butcher and Kathryn Butcher, was injured when the family vehicle he was driving on personal business was struck from behind by another vehicle driven by Steven Lewis. The collision pushed the car that appellant Jesse Butcher was driving into an intersection, where it was struck by another vehicle. As a result of the above accident, appellant Jesse Butcher, who was sixteen years old at the time, sustained substantial injuries, including permanent brain damage.
Appellants subsequently filed suit against Steven Lewis, the tortfeasor. In addition, over time, various insurance companies were brought into the case. As a result of settlements, the only defendant remaining in the case is appellee Frontier Insurance Company.
Appellants, in their complaint, specifically sought uninsured/underinsured motorist coverage from appellee Frontier Insurance Company for the accident. Appellee Frontier Insurance Company had issued a comprehensive general liability policy to Quest Recovery Services, Inc., appellant Kathryn Butcher's employer, which was in effect at the time of the accident. The policy issued by appellee Frontier Insurance Company contains the following definition of "insured" under Section II — WHO IS AN INSURED:
2. Each of the following is also an insured:
 Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your mangers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. (Emphasis added).
Subsequently, appellee Frontier Insurance Company moved for summary judgment, arguing that appellants were not insureds under the comprehensive general liability policy issued to Quest Recovery Services and that such policy did not include uninsured/underinsured coverage because it was not a motor vehicle liability policy. In turn, appellants filed a cross motion for partial summary judgment.
As memorialized in a Judgment Entry filed on June 29, 2001, the trial court granted appellee Frontier Insurance Company's motion for summary judgment while overruling the cross motion filed by appellees. The trial court, in its entry, found that the comprehensive general liability policy issued by appellee Frontier Insurance Company to Quest Recovery Services was an automobile policy and that, under R.C. 3937.18, appellee Frontier Insurance Company was required to offer underinsured motorist coverage to insureds under the same. However, the trial court further found that appellant Kathryn Butcher "was not an insured under the policy as she was not working within the scope of her employment at the time of the occurrence of the accident which gave rise to the injuries in question".It is from the trial court's June 29, 2001, Judgment Entry that appellants now prosecute their appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THAT KATHRYN BUTCHER DID NOT QUALIFY AS AN INSURED PERSON UNDER THE FRONTIER POLICY.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
It is based upon this standard we review appellants' sole assignment of error.
 I
Appellants, in their sole assignment of error, challenge the trial court's holding that appellant Kathryn Butcher was not an insured under the comprehensive liability policy issued by appellee Frontier Insurance Company to Quest Recovery Services because she was not working within the scope of her employment at the time of the accident.[1]
At issue in the case sub judice is the applicability of the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Fire Ins.Co. (1999), 85 Ohio St.3d 660. Appellants maintain that, inScott-Pontzer, the Ohio Supreme Court held that "an employee receives the benefit of implied UM/UIM coverage even when the employee's claim does not arise out of the course and scope of their employment". In turn, appellee Frontier argues that appellants have misread the same and that "[c]ontrary to appellant's arguments, Scott Pontzer does not automatically extend UM/UIM benefits to employees". Appellee Frontier further contends that Scott-Pontzer was based on an ambiguity in the definition of an insured and that, unless the comprehensive general liability policy issued by appellee Frontier contains the same ambiguity
that was found to exist in the insurance policy in Scott-Pontzer, appellants are not entitled to coverage. According to appellee, since the policy in question does not contain the same ambiguity, Scott-Pontzer is not applicable.
In the Scott-Pontzer case, the decedent, Christopher T. Pontzer, while driving a vehicle owned by his wife, appellant Kathryn Scott-Pontzer, collided with a motor vehicle driven by Troy W. Taylor. Taylor's negligence caused the accident. At the time of the accident, Taylor had a policy of automobile liability insurance with limits of $100,000 per person and $300,000 per accident.
Prior to his death, Christopher Pontzer was employed at Superior Dairy, Inc. Superior Dairy, at the time of the accident, was the insured under a policy of commercial automobile liability insurance with Liberty Mutual Fire Insurance Company which contained a provision for underinsured motorist coverage. The commercial automobile liability policy contained an uninsured motorist coverage form that defined an "insured" for purposes of underinsured motorist coverage, in part, as follows:
"B. Who is an Insured.
"1. You.
"2. If you are an individual, any family member. . . ."
Superior Dairy also had an "umbrella/excess" insurance policy with Liberty Mutual Insurance Company. The umbrella/excess insurance policy did not provide for uninsured/underinsured coverage, but the Ohio Supreme Court found that said coverage arose by operation of law pursuant to R.C. 3937.18. The umbrella/excess liability policy contained a declaration page and a definition page for liability coverage only. The declaration page named Superior Dairy, Inc. as the named insured. Section II, page 6 of said policy entitled "WHO IS AN INSURED" stated the following:
If you are designed [sic] in the Declaration as:
 An individual, you and your spouse are insured; but only with respect to the conduct of a business of which you are the sole owner.
 A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds; but only with respect to the conduct of your business.
 An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insured; but only with respect to their duties as you [sic] officers or directors. Your stockholders are also insureds; but only with respect to their liability as stockholders.
Each of the following is also an insured
 Your employees, other than your executive officers; but only for acts within the scope of their employment by you [sic] Coverage for these insureds is subject to the following restrictions: * * * (Emphasis omitted.)
 There was no declaration page for uninsured motorist coverage because none was offered.[2]
On July 9, 1996, appellant Kathryn Scott-Pontzer filed an action as surviving spouse and executor of her husband's estate against Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company. Appellant Kathryn Scott-Pontzer alleged, in her complaint, that because her husband was an employee of Superior Dairy she was entitled to underinsured motorist benefits under Superior Dairy's automobile liability policy with Liberty Mutual Fire Insurance Company. Appellant Kathryn Scott-Pontzer also maintained she was entitled to any benefits accruing under Superior Dairy's umbrella policy with Liberty Mutual Insurance Company.
Subsequently, the trial court granted summary judgment in favor of Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company. Pursuant to an Opinion filed in Scott-Pontzer v. Liberty MutualFire Ins. Co. (Jan. 20, 1998), Stark App. No. 1997 CA 00152, unreported, this Court affirmed the judgment of the trial court, for different reasons, finding that the policies in question were `ambiguous as to the "insureds" under the underinsured motorist coverages. Citing King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 212, 519 N.E.2d 1380, we stated that a corporation as an insured can mean not only directors, officers and shareholders, but also employees. We thus concluded that the appellant, as an employee, was covered under the underinsured motorist coverages. We further held that underinsured motorist coverage under a corporate policy is available only to those employees injured while acting within the scope of their employment. Thus, we concluded that since appellant's husband was not within the scope of his employment when the accident occurred, underinsured motorist coverage was not available to appellant Kathryn Scott-Pontzer.
On appeal, the Ohio Supreme Court made the following findings in concluding that Christopher Pontzer was an insured under the policies of insurance issued to Superior Dairy by Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company. First, the Court noted that '[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.' Scott-Pontzer,85 Ohio St.3d at 664, citing King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus. The Court further stated "that uninsured motorist coverage, mandated by law pursuant to R.C. 3937.18, was designed by the General Assembly to protect persons, not vehicles." Id., citingMartin v. Midwestern Group, Ins. Co. (1994), 70 Ohio St.3d 478, paragraph one of the syllabus. Based on the above principles, the Ohio Supreme Court concluded that the "you" contained in the automobile liability policy, while referring to Superior Dairy, also included Superior Dairy's employees since a corporation can only act by and through live persons. The Court, in so concluding, noted that it "would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle." Scott-Pontzer at 664.
After concluding that Christopher Pontzer was an insured under both the automobile liability insurance policy and the umbrella/excess policy, the Ohio Supreme Court addressed the issue of scope of employment. The Court again cited to King and stated that "[w]here exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." Id. at 665-666, citing King at 214. Since the Liberty Mutual Fire Insurance Company commercial automobile liability policy contained no language requiring that employees must be acting within the scope of their employment in order to receive underinsured motorist benefits, the court held that appellant Kathryn Scott-Pontzer was entitled to underinsured motorist benefits under such policy. Scott-Pontzer at 666.
The Ohio Supreme Court in Scott-Pontzer reached the same conclusion for the umbrella/excess policy issued by Liberty Mutual Insurance Company, which did restrict coverage to employees acting within the scope of their employment. The Ohio Supreme Court held that because Liberty Mutual Insurance Company failed to offer underinsured motorist coverage through the umbrella policy issued to Superior Dairy, the same arose by operation of law. The Court also found that the language in the umbrella policy restricting insurance coverage to employees acting within the scope of their employment was intended to apply solely_to excess liability coverage and not to underinsured motorist coverage. Based on the foregoing, the Ohio Supreme Court, in Scott-Pontzer, held that Kathryn Scott-Pontzer was entitled to underinsured motorist benefits under the umbrella policy.
We concur with appellants that the trial court in the case sub judice
erred in holding that appellant Kathryn Butcher did not qualify as an insured under the comprehensive general liability policy issued by appellee Frontier to Quest Recovery Services. Both the umbrella/excess policy in Scott-Pontzer and the comprehensive general liability policy in the case sub judice include within the definition of an insured employees who are acting within the scope of their employment. Thus, both policies limited coverage to employees acting within the scope of their employment. Kathryn Butcher was not acting in the scope of her employment. However, in holding that the appellant in Scott-Pontzer was entitled to underinsured motorist coverage under the umbrella/excess policy even though Christopher Pontzer, appellant's husband, was not
acting within the scope of his employment at the time of the accident, the Ohio Supreme Court stated as follows:
 On the other hand, Liberty Mutual's umbrella/excess insurance policy did restrict coverage to employees acting within the scope of their employment. However, we have already found that Liberty Mutual had failed to offer underinsured motorist coverage through the umbrella policy issued to Superior Dairy. Thus, any language in the Liberty Mutual umbrella policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for purposes of underinsured motorist coverage. See, e.g., Demetry v. Kim
(1991), 72 Ohio App.3d 692, 698, 595 N.E.2d 997, 1001. Therefore, there is no requirement in the umbrella policy that Pontzer had to be acting during the scope of his employment to qualify for underinsured motorist coverage. Therefore, appellant is entitled to underinsured motorist benefits under the Liberty Mutual umbrella policy as well.
Scott-Pontzer, supra, at 666. (Emphasis added). In accordance withScott-Pontzer, we find that Quest Recovery employees are insureds under the UM/UIM coverage which arose by operation of law to the Frontier policy. We further find that the language in the Frontier policy limiting coverage to Quest Recovery employees who are acting within the course and scope of their employment is not applicable to the UM/UIM coverage in this matter which arose by operation of law. See also Brodbeck v.Continental Casualty Co. (Feb. 8, 2002), Lucas App. No. L-01-1269, unreported in which the court held that "[p]ursuant to the Scott-Pontzer
doctrine, . . . scope of employment exclusion applies solely to excess liability coverage and not to the UIM coverage that has arisen by operation of law." Appellant Kathryn Butcher, therefore, is an insured person under the UM/UIM coverage which arose by operation of law to the Frontier comprehensive general liability policy, even though she was not working within the scope of her employment at the time of the occurrence of the accident which gave rise to the injuries in question.
Appellants' sole assignment of error is, therefore, sustained.
Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
By EDWARDS, J. GWIN, P.J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs to appellees.
[1] As is stated above, the trial court, in its June 29, 2001, entry, found, in part, that the Frontier policy was an automobile policy and that, since appellee Frontier failed to offer UM/UIM coverage, the same arose by operation of law. See Gyori v. Johnston Coca-Cola BottlingGroup (1996), 76 Ohio St.3d 565, 568. In the appeal before this Court, appellee Frontier has not assigned as error such findings.
[2] This policy language was quoted from Scott-Pontzer v. LibertyMutual Fire Ins. Co. (Jan. 20, 1998), Stark App. No. 1997CA00152, unreported.