OPINION
{¶ 1} Appellants Betty Bergmeyer, and James Bergmeyer, Jr. appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Auto Owners Insurance Company, and declaring that appellants are not covered under an automobile insurance policy issued by appellee. Appellants assign a single error to the trial court:
 {¶ 2} "The trial court erred in determining that R.C. §3937.18(j)(1) permits appellee to limit coverage for appellant's claim based upon an "other owned vehicle exclusion" where appellant is not a "named insured" under the policy."
 {¶ 3} The parties agree the facts are not in dispute. Appellant Betty Bergmeyer was riding on a motorcycle operated by her ex-husband, James Bergmeyer, Sr., when they were involved in an accident caused by the negligence of Mark Burdick. James Bergmeyer, Sr. was killed and appellant was seriously injured. Burdick did not carry sufficient automobile insurance to compensate appellants for their injuries.
 {¶ 4} At the time of the accident, appellant Betty Bergmeyer was living with James Bergmeyer, Jr., her son. Appellant James Bergmeyer, Jr. was employed by Olympco, Inc. Appellee issued a policy of insurance to Olympco, which included UM/UIM coverage.
 {¶ 5} The relevant endorsement to the Auto Owners Insurance Company's policy (Endorsement 79303) provides coverage for an injured person (1) from the owner or operator of an underinsured automobile; (2) for bodily injuries sustained while occupying or getting into or out of an automobile that is covered by Section II-Liability coverage of the policy.
 {¶ 6} Appellants conceded in the trial court and before us that Betty Bergmeyer was not injured while occupying or getting into or out of a covered vehicle under the policy. Instead, appellants challenge the enforceability restriction on coverage.
 {¶ 7} In Martin v. Midwestern Group Insurance Company (1994),70 Ohio St.3d 478, the Ohio Supreme Court held that uninsured motorist coverage was designed to protect persons, not vehicles. For this reason, an automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons who are injured while occupying a motor vehicle owned by the insured but not specifically listed in the policy violates the Revised Code and is invalid and unenforceable.
 {¶ 8} The General Assembly amended R.C. 3937.18 effective September 3, 1997. Pursuant to the amended statute an insurance company may through terms and conditions preclude coverage for bodily injury or death suffered by an insured while the insured is operating or occupying a motor vehicle owned by, furnished to, or available for regular use of a named insured, spouse, or resident relative of the named insured if the motor vehicle is not specifically identified in the policy under which the claim is made. Thus, pursuant to the revised language of the statute, the insurer may deny coverage when the injured party is occupying a motor vehicle owned by a named insured, spouse, or resident relative of a named insured, if the motor vehicle is not itself insured under the policy.
 {¶ 9} The named insured under the appellee's policy is Olympco, Inc. The motorcycle which the appellant was riding was owned by James E. Bergmeyer, Sr., the ex-husband of appellant Betty Bergmeyer and the father of appellant. James Bergmeyer, Jr. Pursuant Scott Pontzer v.Liberty Mutual Fire Insurance Company (1999), 85 Ohio St.3d 660, James Bergmeyer, Jr. claims he is covered under the policy of insurance.
 {¶ 10} In Jones v. Nationwide Insurance Company (July 23, 2001), Stark Appellate No. 2000CA00329, this court reviewed the validity of a policy provision enacted after the statute was amended. In Jones, we found the exclusionary language was unambiguous, and enforceable.
 {¶ 11} The trial court cited our Jones case, but noted the policy there was an individual policy. Because the policy at bar is a corporate policy, we agree with the trial court in Jones, is not on point. The trial court found there was no logical basis to make a distinction between corporate policies of insurance and individual policies of insurance.
 {¶ 12} Appellants ask us to find a distinction between the named insured, in this case Olympco, Inc. and the general term "insured" which includes Olympco, its employees, and their resident family members.
 {¶ 13} Our reading of the revised statute and the language of the policy in question leads us to conclude the General Assembly intended endorsements like the one before us to be valid and enforceable.
 {¶ 14} We find the trial court did not err in finding appellants were not covered under the policy of insurance issued by appellee.
 {¶ 15} The assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.
Insurance — other owned vehicle.