{¶ 56} I respectfully dissent because I believe that the State Farm policy contains a valid exclusion that precludes uninsured motorist coverage in this case.
 {¶ 57} The majority acknowledges that R.C. 3937.18(J) is the pertinent statute that governs this August 18, 1999 accident. As noted in Baughmanv. State Farm Mut. Auto Ins. Co., 88 Ohio St.3d 480, 2000-Ohio-397, this statute was amended by H.B. 261, effective September 3, 1997, to supercede the Ohio Supreme Court's holding in Martin v. Midwestern GroupIns., 70 Ohio St.3d 478, 1994-Ohio-407, which had invalidated "other owned vehicle" exclusions on public policy grounds. The Supreme Court noted that the amendment to the statute "made the `other owned vehicle' exclusions enforceable once more." Id., at 484.
 {¶ 58} After recognizing that the State Farm policy did include language of this exclusion, the majority then backtracks and relies onMoore v. State Auto. Mut. Ins. Co., 88 Ohio St.3d 27, 2000-Ohio-264, a case interpreting a former version of R.C. 3937.18(J), to conclude that wrongful death claims must be covered so as to give effect to R.C. 3937.18. The remaining cases, which the majority has cited to argue that the other owned auto exclusion does not apply to wrongful death cases, have also relied upon Moore, a decision now called into question because of the subsequent legislative action in H.B. 261.
 {¶ 59} Section III in Carol Kotlarczyk's policy reads in part:
 {¶ 60} "When Coverage U[uninsured/underinsured motorist coverage] Does Not Apply:"THERE IS NO COVERAGE: * * * "(2) FOR BODILY INJURY TO ANINSURED: (a) WHILE OPERATING OR OCCUPYING A MOTOR VEHICLE OWNED OR LEASED BY, FURNISHED TO, OR AVAILABLE FOR THE REGULAR USE OF YOU, YOUR SPOUSE,
OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY."
 {¶ 61} The stated intent is to limit coverage to vehicles specifically identified to the policy. The "other-owned auto exclusion" is plain.
 {¶ 62} Michelle Kotlarczyk was an "insured" under appellant's policy because she was a relative who resided with appellant. But she was killed while operating a vehicle that she herself owned (a 1996 Chevy Cavalier). Her Cavalier was excluded from UM/UIM coverage by State Farm's policy that specifically covered a 1992 Ford Escort issued to her mother, Carol Kotlarczyk. We have applied the "other owned vehicle exclusion" before in Geren v. Westfield Ins. Co., Lucas App. No. L-01-1398, 2002-Ohio-1230, to preclude UM/UIM coverage.
 {¶ 63} Although the majority opinion emphasizes the issue of stacking and devotes the bulk of its time to that issue, that discussion becomes moot when coverage under a policy does not exist.
 {¶ 64} I would find that the trial court did not err in granting summary judgment to appellee and denying summary judgment to appellant. With both assignments of error well-taken, I would affirm the judgment below.