**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0999n.06
Filed: December 21, 2005

No. 05-3003

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CHRISTIE HENDERSON,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　**Plaintiff-Appellant,**　　　　　)　　**ON APPEAL** FROM THE
　　　　　　　　　　　　　　　　　)　　UNITED STATES DISTRICT
v.　　　　　　　　　　　　　　　　)　　COURT FOR THE NORTHERN
　　　　　　　　　　　　　　　　　)　　DISTRICT OF OHIO
STATE FARM MUTUAL　　　　　　　)
INSURANCE COMPANY,　　　　　　　)
　　　　　　　　　　　　　　　　　)　　**O P I N I O N**
　　**Defendant-Appellee.**　　　　)
_____)

**Before: MOORE, ROGERS, and McKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff-Appellant Christie Henderson

("Henderson") appeals the district court's grant of summary judgment to Defendant-Appellee State

Farm Mutual Insurance Company ("State Farm"). Henderson was injured in a car accident, and she

submitted a claim to State Farm based on her father's motor vehicle insurance policy. State Farm

refused to pay on the basis that Henderson was not covered under any of the definitions of an

"insured" under the policy. We **AFFIRM** the district court's judgment in favor of State Farm.

## I. BACKGROUND

On April 24, 2001, Christie Henderson was a passenger in a vehicle being driven by Telly

Warden ("Warden"). As a result of Warden's negligence, there was an accident and Henderson was

injured. Warden's motor vehicle insurance coverage included liability insurance in the amount of

$100,000.00, and Warden's insurer offered to settle with Henderson for that amount.

Henderson was fifteen years old at the time of the accident, and she was living with her mother, Charlotte Henderson. Her mother and father got divorced in 1996. Lee Henderson (Henderson's father) had full visitation rights pursuant to the divorce decree, and he paid child support and medical expenses for Henderson. After March 1999, Henderson did not live with or visit her father on a regular basis.

Lee Henderson had three motor vehicle insurance policies from State Farm in effect in 2001. One of these policies carried uninsured motorist coverage in the amount of $300,000.00. On June 6, 2001, Henderson's attorney notified State Farm of the accident, and on June 11, 2001, he requested coverage from State Farm pursuant to Lee Henderson's policy. On June 21, 2002, counsel for State Farm sent a letter to Henderson's attorney stating that there was no coverage under the policy for Henderson's claims.

On October 17, 2003, Charlotte and Christie Henderson filed a complaint against State Farm in the Cuyahoga County Court of Common Pleas. In the complaint, Henderson asserted that State Farm's "failure to negotiate and settle Plaintiff's claim in 'good faith,' constitutes a breach of their contractual obligations, including its fiduciary obligation to act in good faith." Joint Appendix ("J.A.") at 17 (Compl.). Furthermore, she claimed that State Farm's conduct "rises to the level of 'bad faith' for which Plaintiff is entitled to additional damages." J.A. at 17 (Compl.).

State Farm petitioned to remove the case to the United States District Court for the Southern District of Ohio, and the case was subsequently transferred to the United States District Court for the Northern District of Ohio. On July 20, 2004, State Farm filed a motion for summary judgment, and Henderson filed a motion for partial summary judgment. On November 16, 2004, the district

2

court entered an order granting State Farm's motion for summary judgment and denying Henderson's motion for partial summary judgment. This timely appeal followed.

## II. ANALYSIS

We review de novo the district court's grant of summary judgment to State Farm. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004).

The State Farm policies at issue in this case include the following definition:

Insured - means the person or persons covered by uninsured motor vehicle coverage. This is:
1. the first person named in the declarations;
2. his or her spouse;
3. their relatives; and
4. any other person while occupying:
    a. your car, a temporary substitute car, a newly acquired car or a trailer attached to such car. Such vehicle has to be used within the scope of the consent of you or your spouse; or
    b. a car not owned by you, your spouse, or any relative, or a trailer attached to such a car. It has to be driven by the first person named in the declarations or that person's spouse and within the scope of the owner's consent.
       Such other person occupying a vehicle used to carry persons for a charge is not an insured.
5. any person entitled to recover damages because of bodily injury to an insured under 1 through 4 above.

J.A. at 37-38 (Insurance Policy Number 46 6295-A19-35) (emphases omitted). Henderson argues that she is entitled to recover funds under Lee Henderson's State Farm policy pursuant to sub-parts three and five.

Henderson's argument with regard to sub-part five of the policy is as follows: "Under the plain meaning of the Subsection five (5), the policy does not require that Lee Henderson suffer bodily injury, only that an additional class of persons are insureds, i.e. those who would be entitled to recover **if** Lee were injured." Br. Appellant at 11 (emphasis in original).

3

"[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 597 N.E.2d 1096, 1102 (Ohio 1992), *cert. denied*, 507 U.S. 987 (1993). The Ohio Supreme Court has instructed that "words and phrases used in an insurance policy must be given their natural and commonly accepted meaning . . . to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." *Gomolka v. State Auto. Mut. Ins. Co.*, 436 N.E.2d 1347, 1348 (Ohio 1982).

The language of sub-part five is unambiguous. Henderson's arguments essentially interpret the term "entitled" to mean "who would be entitled," which is not a "commonly accepted meaning" of this word. *Id*. As explained by the magistrate judge, "[t]o be 'entitled' means to be granted or furnished with proper grounds for seeking or claiming something, or to qualify for something." J.A. at 237 (Mem. Op. & Order at 6). "As Lee Henderson has not suffered bodily harm, Plaintiff does not qualify for, and has no claim, right, or grounds to recover damages because of bodily injury to Lee Henderson." J.A. at 237 (Mem. Op. & Order at 6).

Henderson does not dispute that she is not covered under the definition of "relative" provided in the policy;[1] instead, she claims that the definition is an "invalid exclusion" under Ohio Revised Code § 3937.18.[2] Br. Appellant at 14. Ohio courts use the following test to analyze claims brought

---

[1]"Relative" is defined as "a person related to you or your spouse by blood, marriage or adoption who resides primarily with you." J.A. at 28 (Insurance Policy Number 46 6295-A19-35).

[2]The version of § 3937.18(A) in effect at the time of the accident in 2001 states as follows: No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both [uninsured motorist

4

pursuant to § 3937.18: "[T]he statute mandates coverage if (1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law." *Martin v. Midwestern Group Ins. Co.*, 639 N.E.2d 438, 441 (Ohio 1994). Henderson's argument fails to acknowledge that she must be an insured according to the first prong of the *Martin* test, and that "[n]othing in R.C. 3937.18 or *Martin* prohibits the parties to an insurance contract from defining who is an insured person under the policy." *Holliman v. Allstate Ins. Co.*, 715 N.E.2d 532, 535 (Ohio 1999) (citing *Wayne Mut. Ins. Co. v. Mills*, 692 N.E.2d 213, 218 (Ohio Ct. App. 1996)).

### III. CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's judgment in favor of State Farm.

---

coverage and underinsured motorist coverage] are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds.