[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 314.]

BAGNOLI, APPELLANT, *v.* NORTHBROOK PROPERTY & CASUALTY INSURANCE COMPANY, APPELLEE.

[Cite as *Bagnoli v. Northbrook Prop. & Cas. Ins. Co.*, 1999-Ohio-108.]

*Automobile liability insurance—Underinsured motorist coverage—R.C. 3937.18—Scope of coverage of employer's commercial automobile liability policy for employee injured in accident—Court of appeals' judgment reversed on authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.*

(No. 98-1156—Submitted July 28, 1999—Decided September 8, 1999.)

APPEAL from the Court of Appeals for Stark County, No. 97CA00415.

————————————

*Willis & Linnen Co., L.P.A.*, and *Mark C. Willis*, for appellant.

*Roetzel & Andress, Ronald B. Lee* and *Laura M. Faust*, for appellee.

*Law Offices of Frank E. Todaro* and *Frank E. Todaro*, urging reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

————————————

{¶ 1} The judgment of the court of appeals is reversed on the authority of *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, and the cause is remanded to the trial court for any necessary further proceedings.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent for the reasons set forth in my dissenting opinion in *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

{¶ 3} Bagnoli was an employee of Danner Press, Inc. He was riding his personal bicycle when he was struck and injured by an underinsured motorist. *It was undisputed that Bagnoli was not within the scope of employment at the time.* Yet Bagnoli alleged that he was entitled to underinsured motorist coverage through his employer's commercial business automobile policy issued by appellee Northbrook Property & Casualty Insurance Company.

{¶ 4} The Northbrook policy issued to Danner Press, Inc. contained the identical definition of "you" and "your" for purposes of UM/UIM coverage as did the policy in *Scott-Pontzer*. The trial court entered summary judgment in favor of the insurance company and the court of appeals affirmed. The lower courts held that Bagnoli was not an insured under the policy. He was not a named insured, was not operating a covered auto, and was not acting within the scope of his employment.

{¶ 5} Yet according to a majority of this court, Bagnoli's *bicycle* accident on personal time is afforded UIM coverage under his employer's *business auto* insurance policy. What's next?

COOK, J., concurs in the foregoing dissenting opinion.

———————————