OPINION
{¶ 1} Defendant Grange Mutual Casualty Company appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found plaintiffs Miriam, Kim, Ken, and Kyl Miller are entitled to uninsured motorist coverage under defendant's commercial auto policy issued to Miriam Miller's employer Hilltop Market, Inc. Grange assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT PLAINTIFFS WERE ENTITLED TO UNDERINSURED MOTORIST COVERAGE UNDER THE GRANGE COMMERCIAL AUTO POLICY ISSUED TO HILLTOP MARKET, INC., NO. CA-2143044."
 {¶ 3} This is an appeal from a summary judgment and the parties agreed the facts are not in dispute. On September 28, 1998, defendant Willard Miller, who is not a party to this appeal, was driving a van owned by his wife, Miriam. Miriam and their children, Kim, Ken, and Kyl Miller were passengers in the van. Willard Miller failed to yield the right of way at a railroad crossing, and the van was struck by an on-coming train. The Millers' insurer paid its uninsured/underinsured motorist limits to the Millers, but this did not fully compensate them for the injuries the family suffered.
 {¶ 4} At the time of the accident, Miriam Miller was employed by Hilltop Market, Inc. Grange issued a commercial auto policy to insure Hilltop, and the policy includes UM/UIM coverage. The Millers brought suit after Grange denied their claim for UIM coverage.
 {¶ 5} Civ.R. 56 states in pertinent part:
 {¶ 6} "(C) Motion and proceedings
 {¶ 7} "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 8} A trial court should not grant summary judgment if there is a genuine issue of any material fact to be litigated, nor if, construing the evidence in favor of the non-moving party, reasonable minds could come to but one conclusion on the disputed facts, Ormet Primary AluminumCorp. v. Employers Insurance of Wassau (1999), 88 Ohio St.3d 292. This court reviews a summary judgment using the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 9} In its judgment entry of February 5, 2002, the trial court found the Millers' liability insurance denied coverage based on a family-member exclusion, and paid the Millers under the uninsured motorists provision only. There was no release of the tortfeasor and no waiver of subrogation by Grange as the alleged UIM carrier.
 {¶ 10} The trial court reviewed the commercial automobile policy, which defined "who is an insured" in language identical to the policy language reviewed in Bagnoli v. Northbrook Property CasualtyInsurance Company (1999), 86 Ohio St.3d 314. In Bagnoli, the court found coverage based on the authority of Scott-Pontzer v. Liberty Mutual FireInsurance Company (1999), 85 Ohio St.3d 660.
 {¶ 11} The trial court rejected Grange's argument that the UM/UIM endorsement of the commercial auto policy has an exclusion for losses involving vehicles owned by the insured that are not covered under the UM/UIM provision. The court found coverage by operation of law, based on the ambiguity of the contract language.
 {¶ 12} The language upon which Grange makes its argument is what is commonly called the "other owned vehicle exclusion." Stated simply, the exclusion provides that the insurance does not apply to an insured or the insured's family member while occupying or struck by any vehicle owned by the insured or the family member which is not a covered auto. In Martin v. Midwestern Group Insurance Company (1994), 70 Ohio St.3d 478, the Ohio Supreme Court held this exclusion in uninsured motorist coverage was unenforceable because it violates RC. 3937.18.
 {¶ 13} R.C. 3937.18 was amended effective September 3, 1997. The statute now provides that UM/UIM coverage may include terms and conditions that preclude coverage of bodily injury suffered by an insured when the insured is operating or occupying a motor vehicle owned, furnished to, or available for the regular use of the named insured, a spouse, or a resident relative if the motor vehicle is not specifically identified in the policy under which the claim is made, or not is a newly acquired or replacement vehicle for a motor vehicle covered under the terms of the policy.
 {¶ 14} Grange argues that the Millers' van was not specifically identified in the policy under which the claim was made, and thus, the exclusion applies.
 {¶ 15} The Millers respond that the statute authorizes an exclusion with respect to only those vehicles owned by the named insured, and not vehicles owned by an additional insured arising from the law articulated in Scott-Pontzer, supra. Miriam Miller, the owner of the van, is not named on the declaration page. Hilltop is the sole named insured. The Millers argue Miriam Miller did not contract for the policy and could not accept or reject UM/UIM under the employer's policy. The Millers argue the van was not owed by a named insured, that is, the employer, but was her personal vehicle. Thus, the exclusionary language does not apply to this particular vehicle.
 {¶ 16} The Millers also argue construing the ambiguous "you" consistently throughout the policy would require us to construe the term in this clause against the insured, defeating coverage for any employee operating not only a personal vehicle, but also any vehicle owned by any other employee. The Supreme Court has frequently reminded us the language in a contract of insurance which is reasonably susceptible of more than one meaning must be construed liberally in favor of the insured. Where exceptions or exemptions are introduced into an insurance contract, the general presumption is that which is not clearly excluded from operation of the contract is included, see, e.g. Scott-Pontzer at 665-666.
 {¶ 17} Grange cites us to United Ohio Company v. Bird (May 18, 2001), Delaware Appellate No. 00CA31. In Bird, the decedent's spouse filed a Scott-Pontzer claim against decedent's employer, and his own employer. The trial court found that under the Scott-Pontzer case, the decedent was an insured as an employee, and therefore the vehicle driven by the decedent was owned by an insured.
 {¶ 18} On appeal, this court found that the word "you" must be applied consistently to all parts of the contract. If a court finds that "you" means the corporation and its employees, then it must apply this term throughout the policy.
 {¶ 19} We find the holding in Bird is compelling.
 {¶ 20} In Scott-Pontzer, the Supreme Court explained the word "you" is ambiguous because a corporation does not need insurance against bodily injuries. A corporation does not drive a car, or be injured. Only the employees of the corporation can do so.
 {¶ 21} Applied to the "other owned vehicle" clause, the corporation can own a vehicle, but cannot suffer bodily injury or death.Scott-Pontzer's logic requires us to find the "you" here includes both the corporation and its employees.
 {¶ 22} We find the trial court erred in concluding the Millers are entitled to UIM coverage under the policy issued by Grange to Hilltop. Accordingly, the assignment of error is sustained.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.
By Gwin, P.J., Wise, J., and Edwards, J., concur.
Topic: Insurance — Scott Pontzer "other owned vehicle".