OPINION
{¶ 1} On August 8, 2000, appellee, Michael Egelton, was injured when an uninsured driver crashed through the storefront of a Church's Chicken, striking appellee and pinning him against the counter. At the time of the accident, appellee was employed with Go-Jo Industries, insured under a commercial automobile policy issued by appellant, United States Fire Insurance Company.
 {¶ 2} On December 26, 2001, appellee filed a complaint seeking uninsured/underinsured motorist coverage from appellant. Both parties filed motions for summary judgment. By judgment entry filed April 23, 2002, the trial court found in favor of appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 4} "THE TRIAL COURT ERRED IN SUSTAINING THE PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND OVERRULING DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT."
 I {¶ 5} Appellant claims the trial court erred in granting summary judgment to appellee. Specifically, appellant claims the trial court erred in determining appellee was an insured under the language of the uninsured/underinsured motorist policy. We agree.
 {¶ 6} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 9} The trial court's decision was predicated on the invalid assumption that the language in the policy sub judice was identical to the language of the policy in Bagnoli v. Northbrook Property Casualty Insurance Co., 86 Ohio St.3d 314, 1999-Ohio-108, wherein the Supreme Court of Ohio held the language in the uninsured/underinsured motorist policy was ambiguous pursuant to Scott-Pontzer v. Liberty MutualFire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292. The uninsured/underinsured motorist language that the Supreme Court of Ohio reviewed was different than the language in this case.
 {¶ 10} In Bagnoli, the uninsured/underinsured motorist policy defined "Who Is An Insured" as follows:
 {¶ 11} "1. You.
 {¶ 12} "2. If you are an individual, any `family member'.
 {¶ 13} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for covered `auto'. The covered `auto' must be out of service because of its break down, repair, servicing, loss or destruction.
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'." See, Bagnoli v. Northbrook Property Casualty Insurance Co.
(April 27, 1998), Stark App. No. 97CA00415, at 5.
 {¶ 15} The trial court reviewed the following definition of "Who Is An Insured" from the Business Auto Coverage Form, CA 00 01 07 97, at page 2 of 10, attached to Defendant's March 8, 2002 Motion for Summary Judgment as Exhibit A:
 {¶ 16} "The following are `insureds':
 {¶ 17} "a. You for any covered `auto'.
 {¶ 18} "b. Anyone else while using with your permission a covered `auto' you own, hire, or borrow except:
 {¶ 19} "* * *
 {¶ 20} "c. Anyone liable for the conduct of an `insured' described above but only to the extent of that liability."
 {¶ 21} Assuming arguendo the trial court reviewed the correct definition of "Who Is An Insured," the specific inclusion of "covered auto" into the definition of "you" as an insured places the definition outside the holding of Scott-Pontzer. Although the "you" may very well be an employee of the named insured, the "you" is only an insured when in a "covered auto."
 {¶ 22} However, we find the trial court erred in reviewing the above cited definition. The policy sub judice contains uninsured/underinsured motorist coverage and defines "Who Is An Insured" as follows:
 {¶ 23} "1. If the Named Insured is designated in the Declarations as:
 {¶ 24} "a. An individual, then the following are `insureds':
 {¶ 25} "(1) The Named Insured and any `family members'.
 {¶ 26} "(2) Anyone else occupying a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
 {¶ 27} "(3) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'.
 {¶ 28} "b. A partnership, limited liability company, corporation or any other form of organization, then the following are `insureds':
 {¶ 29} "(1) Anyone occupying a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
 {¶ 30} "(2) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'." See, Section B of the Ohio Uninsured Motorists Coverage — Bodily Injury, CA 21 33 03 00, attached to Defendant's March 8, 2002 Motion for Summary Judgment as Exhibit A.
 {¶ 31} The named insured listed in the declarations page is "GoJo Industries," a corporation. See, Common Policy Declarations, Named Insured, FM 206.0.6 04 94, attached to Defendant's March 8, 2002 Motion for Summary Judgment as Exhibit A. The Declarations page of the Business Auto Coverage, FM 114.0.1116 04 94, under "Item Three — Schedule of Covered Autos You Own" references Auto Schedule FM 114.0.1116(B) which identifies the covered autos. At the time of the accident, appellee was not occupying a covered auto therefore, appellee is not an insured under appellant's policy. For a similar holding, see Price v. Ayers, Stark App. No. 2002CA00124, 2002-Ohio-5479.
 {¶ 32} Upon review, we find the trial court erred in finding coverage under the policy and granting summary judgment to appellee.
 {¶ 33} Assignment of Error I is granted.
 {¶ 34} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
topic: "covered auto" inclusion precludes Scott Pontzer analysis.