OPINION
{¶ 1} Appellant, Grange Mutual Insurance Company ("Grange Mutual"), appeals from a final judgment of the Geauga County Court of Common Pleas certifying this case as a class action. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} Prior to 1994, insurance companies in Ohio included in their policies a provision that excluded coverage for bodily injury to a person occupying or struck by a vehicle owned by the insured but not named in the policy. In Martin v. Midwestern Group Ins. Co. (1994),70 Ohio St.3d 478, paragraph three of the syllabus, the Supreme Court of Ohio invalidated these provisions when it held that "[a]n automobile insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid."[1]
 {¶ 3} Based on the Supreme Court's decision in Martin, appellees, Barbara and Gerald Martin, for themselves and on behalf of all others similarly situated ("the Martins"), filed a complaint against appellant on May 12, 1998. In their complaint, the Martins alleged that although only one vehicle in a household was required to have uninsured/underinsured motorist coverage in order to provide such protection to all resident relatives living in the household, Grange Mutual had continued to collect the same premiums for uninsured/underinsured coverage as before without informing policyholders of Martin.
 {¶ 4} As a result, the Martins submitted the following claims for relief: (1) breach of contract; (2) breach of fiduciary duty; (3) misrepresentation and fraud; (4) negligence; (5) conversion; and (6) unjust enrichment. The Martins also sought declaratory relief with respect to their rights, liabilities, and obligations under the insurance contract. They later amended their complaint to have the case certified as a class action pursuant to Civ.R. 23 to include every policyholder in Ohio that had paid multiple premiums for uninsured/underinsured motorist coverage subsequent to the date the Supreme Court decided Martin.
 {¶ 5} After submitting an answer, Grange Mutual filed a motion for summary judgment in which the company maintained that: (1) Martin did not prohibit insurance companies from charging premiums for uninsured/underinsured motorist coverage based on the number of vehicles owned by an insured, (2) there was an increased risk and increased coverage associated with including uninsured/underinsured motorist coverage on subsequent vehicles owned by an insured, and (3) Savoie v.Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, implicitly approved charging multiple premiums for multiple policies containing uninsured/underinsured motorist coverage to family members living in the same household. The Martins responded by filing a brief in opposition arguing that while it was not illegal for Grange Mutual to charge multiple premiums for each vehicle for uninsured/underinsured motorist coverage, the company "breached a duty or committed misrepresentation with respect to how it provided and represented multiple, simultaneously effective [policies] to its insureds by creating the misimpression that the coverage had such value to them, when in fact it did not."
 {¶ 6} The trial court issued a decision on October 12, 1999, granting Grange Mutual summary judgment on all claims. In doing so, the trial court concluded that Grange Mutual had no legal duty to inform its insureds of Martin, and that, as a result, the failure to do this did not constitute a "breach of contract, breach of fiduciary duty, misrepresentation and fraud, negligence, or conversation."
 {¶ 7} The Martins appealed the trial court's decision. On appeal, they argued that summary judgement was not appropriate because even if Grange Mutual was not, as a matter of law, required to inform policyholders of Martin, the trial court went too far in finding that there was no genuine issue of material fact with respect to their remaining claims.
 {¶ 8} After considering the parties' respective positions, we concluded that Grange Mutual did not have a legal obligation to inform policyholders of either Martin or the corresponding effect of the decision on their insurance policies. Martin v. Grange Mut. Ins. Co. (2001),143 Ohio App.3d 332, 338. However, this court also concluded that even if an insurance company had no legal duty to keep policyholders informed, an insurance company may obligate itself through prior practices. Id. at 339. Stated differently, "if an insurance company has taken steps in the past to notify insureds of changes in the law bearing on coverage or some other term of a policy, the company may then be required to instruct policyholders on further reforms." Id.
 {¶ 9} Because Grange Mutual failed to address this issue in its motion for summary judgment, we held that it did not meet its burden of demonstrating a lack of genuine issue of material fact with regard to the other claims included in the Martins' complaint. Id. at 339-340. Accordingly, we reversed the judgment of the trial court and remanded the matter for further proceedings consistent with our opinion.
 {¶ 10} On remand, the parties engaged in further discovery. Grange Mutual then filed a motion with the trial court for leave to file a renewed motion for summary judgment, while the Martins filed a motion to certify the matter as a class action.
 {¶ 11} The trial court denied Grange Mutual's request to file a renewed motion for summary judgment. The court then proceeded to grant the Martins class certification, finding that:
 {¶ 12} "1. An identifiable class exists;
 {¶ 13} "2. There are questions of law or fact common to the class;
 {¶ 14} "3. The class is so numerous that joinder of all members is impracticable;
 {¶ 15} "4. The class representatives; [the Martins] are members of the class;
 {¶ 16} "5. The claims of [the Martins] are typical of the claims of the class;
 {¶ 17} "6. Common questions of law or fact predominate over questions effecting individual members of the class;
 {¶ 18} "7. [The Martins] will fairly and adequately protect the interest of the class and [the Martins'] interest is not antagonistic to that of other class members, and [the Martins'] counsel is competent to proceed with handling litigation of the type involved in this case."[2]
 {¶ 19} From this decision, Grange Mutual filed a timely notice of appeal with this court and now submits the following assignment of error for our consideration:
 {¶ 20} "The trial court erred in granting class certification."
 {¶ 21} Grange Mutual first argues that the trial court erred in refusing to allow it to file a renewed motion for summary judgment. According to the company, this court instructed the trial court on remand to reconsider its earlier summary judgment motion after the parties completed additional discovery. As a result, Grange Mutual contends that the trial court never should have reached the issue of class certification. We disagree.
 {¶ 22} In order for a judgment to be appealable, it must constitute a "final order" as that term is defined in R.C. 2505.02.German v. Norris (June 24, 1994), 11th Dist. No. 93-P-0041, 1994 WL 315701, at 1. Generally speaking, a judgment denying a party's request for summary judgment is not a final appealable order as it does not determine the action or prevent a judgment. Ryll v. Columbus FireworksDisplay Co., Inc., 95 Ohio St.3d 467, 2002-Ohio-2584, ¶ 48. See, also, German at 1 (holding that a judgment denying a party's motion for leave to file a third-party complaint was not a final appealable order). Therefore, because the trial court's denial was not a determination as to the merits of Grange Mutual's motion for summary judgment, and would not prevent the company from defending against the claims asserted in the Martins' complaint, it is not a final appealable order.
 {¶ 23} Moreover, we must also note that Grange Mutual's interpretation of our prior decision is erroneous. While our directive may not have been a model of clarity, we did not set forth a particular manner in which the court was to conduct its inquiry into the Martins' remaining claims. Nowhere in either our opinion or our judgment entry did this court explicitly order the trial court, in its reconsideration of Grange Mutual's earlier motion for summary judgment, to allow additional evidence concerning whether the company previously had informed insureds of changes in insurance law. Furthermore, the trial court's decision to deny Grange Mutual's request to file a second motion for summary judgment did not preclude the court from considering the Martins' motion to have this case certified as a class action.
 {¶ 24} Having said that, we must next decide if the trial court abused its discretion in granting the Martins class certification.[3]
Grange Mutual argues that the Martins failed to establish the necessary requirements to maintain a class action lawsuit. Specifically, Grange Mutual maintains that the Martins have failed to identify a clear and unambiguous class of insureds, and cannot adequately represent the competing interests held by the other individuals included the class. The company also contends that: (1) no common questions of law or fact remain; (2) even if there were, they do not predominate over any questions affecting only individual members; (3) a class action is not superior to other available methods for the adjudication of this controversy; (4) individual members of the class should be permitted to decide for themselves whether to prosecute any claim; (5) there is no good reason to concentrate the litigation in Geauga County; and (6) there are tremendous difficulties likely to be encountered in the management of the requested class action.
 {¶ 25} When deciding whether to certify a class action, a trial court is given broad discretion. In re Consol. Mtge. Satisfaction Cases,97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 5. Therefore, a trial court's decision to grant certification of a class action will not be disturbed absent an abuse of that discretion. Id. An abuse of discretion connotes more than a mere error of law or judgment; instead, it implies that the court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 26} Under Civ.R. 23, seven prerequisites must be met before a court may certify a case as a class action:
 {¶ 27} "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied." In re Consol. Mtge. Satisfaction Cases at ¶ 6
 {¶ 28} In Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d 67, 70,1998-Ohio-365, the Supreme Court further defined the court's role in determining class action certification when it noted that a court's discretion is not unlimited. Rather, "[t]he trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." Id. Moreover:
 {¶ 29} "While there is no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification, there are compelling policy reasons for doing so. Aside from the obvious practical importance, articulation of the reasons for the decision tends to provide a firm basis upon which an appellate court can determine that the trial court exercised its discretion within the framework of Civ.R. 23, and discourages reversal on the ground that the appellate judges might have decided differently had they been the original decision makers. On the other hand, the failure to provide an articulated rationale greatly hampers an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied by the trial court and given appropriate weight, and such an unarticulated decision is less likely to convince the reviewing court that the ruling was consistent with the sound exercise of discretion." (Citations omitted.)Hamilton at 70-71.
 {¶ 30} Even though formal findings are not required, "[i]t is exceedingly difficult to apply an abuse-of-discretion standard to Civ.R. 23 determinations where, * * * the trial court fails not only to articulate its rationale, but also fails to disclose which of the seven class action prerequisites it found to be lacking with respect to the various alleged claims for relief." Hamilton at 71. Therefore, the Supreme Court suggested "that in determining the propriety of class certification under Civ.R. 23, trial courts make separate written findings as to each of the seven class action requirements, and specify their reasoning as to each finding." Hamilton at 71. See, also, Isaak v.Trumbull Sav. Loan Co. (Aug. 4, 2000), 11th Dist. No. 99-T-0077, 2000 WL 1114830, at 2 (following Hamilton).
 {¶ 31} Grange Mutual has raised several issues concerning class certification worthy of consideration. The trial court, however, merely recited the prerequisites without comment or explanation when it granted the Martins' motion to certify. As a result, we are unable to conclude, from examining the record and the appealed judgment entry, whether or not the trial court carefully applied the class action requirements and conducted a rigorous analysis into whether they were satisfied. In other words, with the abbreviated entry before us, we simply cannot determine if "the ruling was consistent with the sound exercise of discretion."Hamilton at 71. This case presents complicated issues that require a more detailed analysis that includes the reasons supporting certification. See, e.g., Nelson v. Money (Sept. 13, 2001), 11th Dist. Nos. 9-01-12 and 9-2000-41, 2001 WL 1048142, at 5.
 {¶ 32} Grange Mutual's sole assignment of error has merit to the limited extent indicated. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. Specifically, the trial court is instructed to clarify its judgment by providing its reasons for granting class certification, given the requirements of Civ.R. 23 and the evidence already in the record.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] The General Assembly, effective September 13, 1997, amended R.C.3937.18 to permit "other owned vehicle" exclusions.
[2] The class included "`All Grange named insureds, who from October 5, 1994, through September 2, 1997, for any period of time were charged multiple premiums on the line "UM coverage" (i.e., a premium after the first vehicle).'"
[3] Although the trial court has yet to decide the merits of the Martins' complaint, a judgment granting a party class action certification is a final appealable order that must be appealed within thirty days of its issuance. Dayton Women's Health Ctr. v. Enix (1990),52 Ohio St.3d 67, syllabus.