OPINION
{¶ 1} Plaintiff-appellant David C. Rohr appeals the March 5, 2003 Judgment Entry of the Licking County Court of Common Pleas, which granted summary judgment in favor of appellee Employer's Insurance of Wausau and denied appellant's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 24, 2001, David Rohr was riding his motorcycle when he was involved in an accident with Laura Mayer. As a result, Rohr lost his leg, incurring medical bills, lost wages, and pain and suffering.
 {¶ 3} On the date of the accident, Rohr was an employee of Buckeye Egg Farm ("Buckeye"), a partnership, but was not working at the time. Buckeye was insured under a business auto policy issued by Employer's Insurance of Wausau ("Wausau").
 {¶ 4} On May 24, 2002, Rohr filed a complaint against Wausau, seeking underinsured motorists coverage under the Wausau business auto policy. The parties each filed a motion for summary judgment. On February 13, 2003, the trial court rendered a decision granting summary judgment in favor of Wausau, and denying Rohr's motion for summary judgment. The trial court journalized the Judgment Entry on March 5, 2003.
 {¶ 5} It is from the March 5, 2003 Judgment Entry appellant now appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANTS, IN RENDERING SUMMARY JUDGMENT IN FAVOR OF APPELLEE WAUSAU AND IN DISMISSING THE APPELLANT'S UNINSURED/UNDERINSURED MOTORIST CLAIMS AGAINST WAUSAU ON THE BASIS THAT THE "OTHER OWNED AUTO" EXCLUSION BARRED APPELLANT FROM RECOVERY."
 {¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 8} Civ.R. 56(C) states, in pertinent part:
 {¶ 9} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 11} It is based upon this standard we review appellant=s assignment of error.
 I {¶ 12} In his sole assignment of error, appellant maintains the trial court erred in rendering summary judgment in favor of Wausau. We disagree.
 {¶ 13} The Wausau business auto policy expressly contains an Ohio UM/UIM endorsement. The endorsement defines "Who Is An Insured" as:
 {¶ 14} "If the Named Insured is designated in the Declarations as:
 {¶ 15} ***
 {¶ 16} "b. A partnership, limited liability company, corporation or any other form or organization, then the following are `insureds':
 {¶ 17} "(1) Anyone occupying a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
 {¶ 18} "(2) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."
 {¶ 19} The policy also contains an endorsement entitled "Drive Other Car Coverage Broadened Coverage for Named Individuals" which includes Anton Pohlman as an additional named insured.
 {¶ 20} Upon review of the above Ohio UM/UIM endorsement language, we note the absence of the ambiguous "you" analyzed in Scott-Pontzer v.Liberty Mutual Fire Ins. Co. 85 Ohio St.3d 660, 1999-Ohio-292. The endorsement identifies an insured as "anyone" occupying a covered auto. Accordingly, anyone, including employees of Buckeye, or anyone else, is an insured provided they are occupying a "covered `auto'."
 {¶ 21} In Scott-Pontzer, the Ohio Supreme Court determined:
 {¶ 22} "Contrary to appellees' contentions, the policy language of the Liberty Fire policy can be interpreted to include company employees. Assuming arguendo that "you" does refer solely to Superior Dairy, this does not foreclose the inclusion of Pontzer as an insured under the policy. We note again, as we have often in the past, that uninsured motorist coverage, mandated by law pursuant to R.C. 3937.18, was designed by the General Assembly to protect persons, not vehicles. Martin v.Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, paragraph one of the syllabus. Since R.C. 3937.18 mandates underinsured as well as uninsured motorist coverage, obviously the same rationale applies to underinsured motorist coverage. It would be contrary to previous dictates of this court for us now to interpret the policy language at issue here as providing underinsured motorist insurance protection solely to a corporation without any regard to persons. See Ady v. W. Am. Ins.Co. (1982), 69 Ohio St.2d 593, 23 Ohio Op.3d 495, 433 N.E.2d 547. Rather, it would be reasonable to conclude that "you," while referring to Superior Dairy, also includes Superior's employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees.
 {¶ 23} "We recognize that insurers can draft policy language that provides varying arrays of coverage to any number of individuals. However, in drafting contracts of insurance, insurers must do so with language that is clear and unambiguous and that comports with the requirements of the law. See King, 35 Ohio St.3d 208, 519 N.E.2d 1380, and Martin, 70 Ohio St.3d 478, 639 N.E.2d 438. Id."
 {¶ 24} As the policy sub judice does not utilize the ambiguous "you" found in Scott-Pontzer, we conclude the rationale of Scott-Pontzer
is inapplicable. Rather, as noted above, the policy clearly and unambiguously provides "anyone," including Rohr, is an insured, while occupying a "covered `auto'."
 {¶ 25} We next must determine whether Rohr was occupying a "covered `auto'" at the time of the accident. The Business Auto Declarations page of the policy defines covered auto for UM/UIM purposes as symbol 2 autos. Symbol 2 autos are defined under the policy as:
 {¶ 26} "OWNED `AUTOS' ONLY. Only those "autos" you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own). This includes those `autos'."
 {¶ 27} Contrary to occupying an automobile, suffering bodily injury or death, or operating a motor vehicle, a corporation, or in this case a partnership, can own an automobile. Therefore, appellant's reliance on the rationale of Scott-Pontzer as to the UM/UIM endorsement is misplaced. The language of the policy clearly defines covered autos as those autos owned by Buckeye or the additional named insured, Anton Pohlman.
 {¶ 28} It is undisputed Rohr was operating his own motorcycle at the time of the accident. Although appellant potentially qualifies as an insured due to the inclusion of "anyone" in the definitional language, he was not occupying a covered auto owned by Buckeye or Pohlman. Accordingly, appellant is not an insured under the business auto policy for UM/UIM purposes.
 {¶ 29} We next address the argument appellant raises for the first time in his reply brief. Appellant argues if UM/UIM coverage is limited in the policy, the exclusion results in less UM coverage than offered in the liability portion of the policy; therefore, a written rejection of coverage is required.
 {¶ 30} Upon review of the underlying record and appellant's brief, we conclude appellant failed to raise this argument before the trial court or in his initial brief. Neither appellee nor the trial court had the opportunity to address this new argument. This Court's review on appeal is limited to those materials in the record which were before the trial court. See: State v. Ishmail (1978), 54 Ohio St.2d 4. Accordingly, we conclude appellant may not raise this argument for the first time on appeal. Poulton v. American Economy Ins. Co., Stark App. Nos. 2002CA00038, 2002CA00061, 2002-Ohio-7214.
 {¶ 31} Appellant's sole assignment of error is overruled.
 {¶ 32} The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Farmer, J. concur.