DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas to an insurer in an uninsured motorists insurance dispute. Because we conclude that the trial court properly determined that appellant was not entitled to uninsured motorists coverage, we affirm.
 {¶ 2} The late Bertha Mae Gearhart was injured in an August 7, 1999 auto accident while a passenger in a car driven by her daughter, Margaret Zander. Although Gearhart's subsequent death was apparently unrelated to the accident, she was injured and spent several days in the hospital because of the collision. The accident was due to the negligence of Margaret Zander.
 {¶ 3} On August 6, 2001, appellant, Carl A. Kuhnle, special administrator of Bertha Mae Gearhart's estate, sued Margaret Zander to recover damages as a result of her negligence. Shortly thereafter, appellant added Zander's insurer, appellee, Allstate Insurance Company, to the suit, seeking liability and/or uninsured motorist coverage under the Zander policy.
 {¶ 4} Eventually, with appellee's consent, appellant settled with Zander. The remaining dispute was submitted to the trial court on cross-motions for summary judgment. The trial court concluded that under the terms of the policy, appellant was not entitled to coverage and granted appellee's motion while denying appellant's. From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 5} "The Trial Court erred in awarding allstate summary judgment on appellant's uninsured motorist claim."
 {¶ 6} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated, "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
 {¶ 7} The facts of this matter are undisputed. At issue is whether, as a matter of law, appellee's policy excludes coverage for appellant's injury.
 {¶ 8} The insurance policy issued on July 6, 1999, to James Zander, appellant's husband, excluded bodily injury coverage for, "* * * any person related to an insured person by blood, marriage, or adoption, and residing in that person's household." James and Margaret Zander were both insureds under the policy. Bertha Mae Gearhart was Margaret Zander's mother and James Zander's mother-in-law and resided in the Zander household. Consequently, she was excluded from bodily injury coverage by the terms of the policy. Appellant maintains that because of her exclusion from bodily injury coverage, the Zanders were uninsured with respect to Bertha Mae Gearhart. Appellee responds that this is not the case because the UM/UIM endorsement to the Zanders' policy defines what is and what is not an uninsured auto:
 {¶ 9} "An Uninsured Auto Is:
 {¶ 10} "1. a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident.
 {¶ 11} "* * *
 {¶ 12} "3. a motor vehicle for which the insurer, other than Allstate under this policy, denies coverage or becomes insolvent.
 {¶ 13} "* * *
 {¶ 14} "An Uninsured Auto Is Not:
 {¶ 15} "* * *
 {¶ 16} "2. a motor vehicle which is insured for bodily injury liability under the Automobile Liability Insurance of this policy.
 {¶ 17} "* * *
 {¶ 18} "4. a motor vehicle owned by, furnished to, or available for the regular use of the insured person, a spouse, or a resident relative of insured person.
 {¶ 19} "* * * "
 {¶ 20} The purpose of UM/UIM insurance is to protect persons, not vehicles, from losses which may go uncompensated due to the tortfeasor's lack of liability insurance. Martin v. Midwestern Group Ins. Co. (1994),70 Ohio St.3d 478, paragraph one of the syllabus. Thus, while the motor vehicle in which Bertha Mae Gearhart was riding may have had some liability coverage, it had none with respect to her. In such a circumstance, it is certainly arguable that paragraph 1 in the uninsured auto definitional provisions is applicable to her and paragraph 2 in the definitional provision of what is not an uninsured auto is inapplicable to her.
 {¶ 21} More problematic, however, are paragraph 3 of what is and paragraph 4 of what is not an uninsured vehicle. Paragraph 3 of the uninsured definition provides that an uninsured vehicle is one in which the insured denies coverage, except "Allstate under this policy." Ordinarily in contractual interpretation, the rule is that the specific is superior to the general. Brown v. Columbus All-Breed Training Club,152 Ohio App.3d 567, 573, 2003-Ohio-2057, paragraph 19. Paragraph 3 is a provision specifically dealing with a circumstance wherein an insurer denies coverage and includes that circumstance in its definition of an insured auto — except as it relates to a denial of coverage by appellee under this policy. Paragraph 4 defines as "not insured" any vehicle regularly used by or available to the insured family, which would include Bertha Mae Gearhart.
 {¶ 22} More to the point, as appellee notes, is the language of the uninsured motorist statute effective at that time. Former R.C.3937.18(K)(2) specifically provided that "[a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured" was not an uninsured vehicle in law.
 {¶ 23} Appellant argues that R.C. 3937.18 is not applicable in this matter because appellee attempted to broaden the exclusion by using the term "insured person" instead of the statutory "named insured." In our view, this is a distinction without a difference in the matter sub judice.
 {¶ 24} Appellant also suggests that R.C. 3937.18(K)(2) conflicts with section (J)(1) of the same statute and is, therefore, ambiguous and should be construed in favor of the insured. This is an argument which we have already considered and rejected. Kyle v. Buckeye Union Ins. Co., 6th Dist. App. No. L-02-1166, 2003-Ohio-488, ¶ 13. We decline appellant's invitation to revisit this issue.
 {¶ 25} By both the terms of the insurance contract and the provisions of the effective UM/UIM statute, appellant was not entitled to UM/UIM coverage. Consequently, the trial court did not err in granting summary judgment to appellee. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 26} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment Affirmed.
Richard W. Knepper, J., Mark L. Pietrykowski, J. and Arlene Singer, J., concur.